UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-80334-CIV-ZLOCH

RENEE BETTIS,

       Plaintiff,

vs.                                              **O R D E R**

TOYS "R" US,

       Defendant.

_____/

     THIS MATTER is before the Court upon the Report And Recommendation of United States Magistrate Judge Lurana S. Snow (DE 140), Defendant's Motion For Summary Judgment (DE 39), and Plaintiff's Motion For Summary Judgment (DE 142). Plaintiff and Defendant have both filed objections to the Report and Recommendation, which are addressed at length below. See DE Nos. 143 & 145. The Court has carefully reviewed said Report and Recommendation, the instant Motions, the objections filed herein, and the entire court file and it is otherwise fully advised in the premises.

     Plaintiff filed suit claiming that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., (hereinafter "Title VII"), the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k) (hereinafter the "PDA"), the Family Medical Leave Act, 29 U.S.C. §§ 2601, et seq. (hereinafter the "FMLA"), and the Florida Civil Rights Act, Fla. Stat. §§ 760, et seq. (hereinafter the "FCRA"). The procedural and factual history of this case is

set forth in Magistrate Judge Snow's Report (DE 140).  Therein, Magistrate Judge Snow recommends that the Court grant Defendant's instant Motion (DE 39) as to Counts II (discriminatory discharge), IV (discriminatory discharge based on pregnancy under the PDA), VI (interference with exercising FMLA leave), and VII (discriminatory discharge based on gender and pregnancy under the FCRA), of her Amended Complaint (DE 24) and allow the case to proceed to trial on Counts I (discrimination in the terms and conditions of employment based on gender under Title VII), III (discrimination in the terms and conditions of employment based on pregnancy under the PDA), and V (discrimination in the terms and conditions of employment based upon gender under the FCRA), of the same.  Both Parties filed objections to Magistrate Judge Snow's Report, <u>see</u> DE Nos. 143, 145, & 151, and the Court has conducted a <u>de novo</u> review of the entire record.  In an effort to conserve judicial resources, the Court will not recite all the facts of this case and will only re-visit those rulings by Magistrate Judge Snow that necessitate the Court's comment and analysis.

## I. <u>Background</u>

Plaintiff was employed as an assistant store manager at Babies "R" Us, a popular department store for parents with young children that Defendant owns and operates.  She claims that after being hired, she was promised that she would be promoted to the position of store manager.  Early in her tenure with Defendant, she was

transferred to several stores in the capacity of assistant store
manager.   During this time she learned she was pregnant; soon
thereafter, she was evaluated by her supervisors and given a "solid
rating," the company's second highest.   She was also instructed
that some of her behavior was problematic for her supervisors,
including her interpersonal skills with guests and co-workers.
Despite these problem areas, she was promoted to the position of
acting store-manager at Defendant's West Palm Beach store.

Her time as acting manager was not ideal.   Several employees
complained about her management style and she was reported for
opening the store late and closing early.   There were also several
instances of misbehavior that cast a cloud on her integrity: she
took discounts on items outside Defendant's operating procedures
and violated its petty-cash policy.   When confronted with this
latter offense, Plaintiff sought to cover her tracks and produced
a receipt that purported to show her compliance with the petty-cash
policy.   This receipt was not genuine, and Plaintiff was
immediately fired for dishonesty.

A. <u>Magistrate Judge Snow's Ruling re: The Undisputed Facts</u>

Before addressing Magistrate Judge Snow's analysis and the
Parties' Objections, it is necessary to discuss Plaintiff's
compliance with the Local Rules and Magistrate Judge Snow's factual
rulings in that regard.   In the instant Report, Magistrate Judge
Snow recommended that Defendant's Statement Of Undisputed Material

Facts (DE 40) be deemed admitted, as dictated by Local Rule 7.5, for purposes of its Motion For Summary Judgment (DE 39), because Plaintiff failed to controvert them.   Plaintiff objects on two bases: first, it is a severe sanction; and second, Magistrate Judge Snow is not calling a fair game: Plaintiff claims that Defendant is not sanctioned for violating the Rules, while she has been.   The Court has reviewed the single instance that Plaintiff claims that Defendant failed to abide by the Local and Federal Rules and finds it meritless.[1]   Further, Magistrate Judge Snow wrote a fair order, and her evidentiary rulings are faithful to the law, and they will not be disturbed.   Beyond that, the Court is compelled to briefly address Plaintiff's first argument that  Magistrate Judge Snow's ruling is a sanction.

Among the various strictures placed on litigants in federal court, particularly in this District, is the form motions for summary judgment are to take.   The Court draws Plaintiff's

---

[1] At different points in Plaintiff's Response, she references her deposition transcript, but in violation of Rule 56 and the Local Rules of this District, she did not attach the transcript with her motion.  Fed. R. Civ. P. 56(c),(e)(1)-(2); L.R. S.D. Fla. 7.5(C)(2)(The state of material facts submitted in support or opposition of summary judgment shall "be supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court.")(emphasis added).  Thus, Magistrate Judge Snow did not consider it in her analysis.   Plaintiff now insists that Defendant omitted the Affidavit of David Nelson and it should not be considered as part of the analysis.   There is no merit to this argument as David Nelson's Affidavit is clearly in the record and at the place Defendant references it: DE 41-3 pp. 2-8.

attention to the text of the Local Rule concerning the requisite form motions for and responses in opposition to summary judgment must take. Local Rule 7.5 states, quite clearly, that papers opposing a summary judgment motion "shall include a memorandum of law, necessary affidavits, and a single concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried." S.D. Fla. L.R. 7.5.B. The statement of material facts submitted in opposition to a motion for summary judgment must correspond with the order and paragraph numbering scheme used by the movant. Id. 7.5.C. Any additional facts that the non-moving party contends are material are to be likewise numbered and placed below. Id. This rule "ensure[s] that statements of material facts filed by movants and opponents shall correspond with each other in numerical order so as to make review of summary judgment motions less burdensome to the Court." Local Rule 7.5 Comments (2008 Amendment).

Plaintiff did not attempt to comply with the Local Rule in this regard. She did not oppose, or more accurately controvert, Defendant's Statement Of Undisputed Material Facts (DE 40). Instead, she filed her own Statement Of Undisputed Material Facts (DE 82). They are not in a format that corresponds with the order and paragraph numbering scheme of Defendant's. And the facts she lists resolve nothing of the issues at hand. They do give the Court a full impression of what she believes this case entails and

5

her experience while employed with Defendant.  But they fail to frame the factual issues that are in dispute and allow the Court to easily assess whether Plaintiff has made a prima facie case, whether Defendant has a neutral non-discriminatory reasons for its decisions, and whether Plaintiff can establish that those reasons are pretext.

The Local Rule goes on to prescribe the proper action that accompany's a Plaintiff's failure to controvert a Defendant's Undisputed Statement Of Facts: the facts alleged by Defendant are deemed admitted to the extent they are supported by the record. S.D. Fla. L.R. 7.5.D.  To frame this as a sanction is inaccurate; it is simply the operation of the Rules, akin to the form a subpoena must take, the timing of a deposition, or a Party's duty to respond to requests for admissions.  See, e.g., Fed. R. Civ. P. 45; see also id. 45(c)(3); Fed. R. Civ. P. 36(a)(3) ("A matter is deemed admitted unless, . . . . "); S.D. Fla. L.R. 16.1.J ("Failure by the party taking the oral deposition to comply with this Rule obviates the need for protective order.").  Litigants and Courts are governed by the Federal and Local Rules of Civil Procedure, not the Helpful Suggestions of Civil Procedure.  And when a pleading or any legally operative document deviates from these strictures, it is inoperative.  The Party who has filed such a document is not being sanctioned as it is under Rules 11, 37 and 45(e).  No monetary fine is levied, no defenses are struck, and no dismissals

entered.  Rather, the pleading or paper is inoperative.  This is the case for statements of material facts in this district just as it is under for scheduling a deposition without proper notice or subpoenaing a non-party outside 100-miles.

Plaintiff did not abide by the Local Rule regarding her Statement Of Facts, and by operation of the same Local Rule--and not by calculated choice of Magistrate Judge Snow--Defendant's uncontroverted facts are deemed admitted to the extent they are supported by the record.  S.D. Fla. L.R. 7.5.D.  The operation of this Rule has been upheld by The Eleventh Circuit, and the Court finds no reason to depart from its application here.  Digioia v. H. Koch & Sons, 944 F.2d 809, 811 n.6 (11th Cir. 1991) (upholding operation of former Local Rule 10.J.2, the predecessor to 7.5.D.); Calmaquip Eng'g W. Hemisphere Corp. v. W. Coast Carriers, Ltd., 650 F.2d 633, 636 (5th Cir. Unit B 1981) (same).  And the Supreme Court uses the same rule for cases that come before it.  Carcieri v. Salazar, 555 U.S. _____, 129 S. Ct. 1058, 1068 (Feb. 24, 2009) ("The respondents' brief in opposition declined to contest this assertion.  Under our rules, that alone is reason to accept this as fact for purposes of our decision in this case. See this Court's Rule 15.2.") (citation omitted) (emphasis supplied).  Therefore, the Court will overrule Plaintiff's objection to the instant Report as it pertains to deeming all supported facts in Defendant's Statement Of Material Facts admitted.

7

II. <u>Standard of Review</u>

When, as here, a party timely objects to a Magistrate Judge's Report and Recommendation, the Court must conduct a <u>de novo</u> review of those portions objected to.  28 U.S.C. § 636(b)(1)(c).  The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate Judge."  <u>Id.</u> This review must be "independent and based upon the record before the court."  <u>Lo Conte v. Dugger</u>, 847 F.2d 745, 750 (11th Cir. 1988).  The Court must consider the actual record and "not merely by reviewing the magistrate's report and recommendations." <u>Holt v. Crist</u>, 233 Fed. Appx. 900, 901 (11th Cir. 2007) (quoting <u>Stokes v. Singletary</u>, 952 F.2d 1567, 1576 (11th Cir. 1992)).  Both Parties have lodged numerous objections against the Report.

While conducting its <u>de novo</u> review of the entire record, the Court is governed by the standard dictated for all summary judgment motions: Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The burden of establishing the absence of a genuine issue of material fact lies with the moving party.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  The burden then shifts to the party opposing the motion, who must set forth specific facts and establish the essential elements of his case on which he will bear the burden of proof at trial.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S.

574, 586 (1986).

Inferences are drawn in favor of the non-moving party, but such inferences "must, in every case, fall within the range of reasonable probability and not be so tenuous as to amount to speculation or conjecture." Thompson Everett, Inc. v. Nat'l Cable Advert., 57 F.3d 1317, 1323 (4th Cir. 1995). The non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings." Fed. R. Civ. P. 56(c). Rule 56(e) mandates that a party responding to a motion for summary judgment do so with affidavits, depositions, or other admissible evidence in order to reflect that there are material facts that must be presented to a jury for resolution. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 159-61 (1970). Conclusory allegations without specific supporting facts have no probative value. Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir. 2000) (citing Evers v. Gen. Motors Corp., 770 F.2d 984, 986 (11th Cir. 1985)). Where the record could not support a finding by the trier of fact for the non-movant, there is no genuine issue for trial and summary judgment is appropriate. Matsushita, 475 U.S. at 587. Although there may be evidence somewhere within the non-moving party's submitted record that might create a genuine issue of material fact, "[t]he district Magistrate Judge is not required to comb the record to find some reason to deny a motion for summary judgment." Forsberg v. Pac. N.W. Bell Tel. Co., 840 F.2d 1409, 1418 (9th Cir.

1988).

### III. <u>Analysis</u>

This analysis is broken into three parts: Plaintiff's objections to the Report and the Court's findings therein, Defendant's objections and the Court's findings therein, and the Court's supplement to Magistrate Judge Snow's Report.

### A. <u>Plaintiff's Objections</u>

Plaintiff objects to the Report on several bases. The first point concerns the finding that Plaintiff violated Local Rule 7.5 and was inconsistent in her application of the standards that govern summary judgment motions. As discussed above, Magistrate Judge Snow made fair rulings based on Plaintiff's refusal to abide by the Local Rules. Further, her insistence that Magistrate Judge Snow was not calling a fair game is unfounded.

Second, Plaintiff objects to the Report and argues that Defendant's Statement Of Material Facts are inadmissable on a variety of bases including hearsay and authenticity. The time for making such an argument has come and past. The Plaintiff was free to file a motion to strike or object to Defendant's Statement Of Undisputed Material Facts and the evidence relied on therein in her Response. A motion to strike or an argument in the Response "brief must be timely." <u>See</u> 10B Wright & Miller, <u>Federal Practice and Procedure</u> § 2738. Here Plaintiff did not bring the issue to the Court's attention in her initial briefing, nor did she move at

10

anytime before Magistrate Judge Snow's Report to attack Defendant's evidence--the delay in bringing this argument amounts to 593 days from the time she originally filed her Response (DE 82).  Her failure to timely make this argument means that it is waived.  See 10B Wright & Miller, supra § 2738 (noting "[a] party must move to strike an affidavit that violates Rule 56(e)." And that "[t]he failure to do so will result in waiver of the objection.").

Third, she argues that the evidence Magistrate Judge Snow ruled inadmissable was in fact admissible because at summary judgment "the nonmovant may present evidence that can be reduced to an admissible form." DE 143, p. 6.  It is unclear what statements or exhibits she is referring to as being admissible at trial. Nothing in her submission refers to how her exhibits would be admissible at trial.  Id. pp. 6-7.

When a Party objects to a Report it must do so with something more than blanket assertions.  Rule 72(b)(2) states that "a party may file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2)(emphasis added).  See also 12 Wright & Miller, supra § 3070.1 (1997 West Supp. 2008) (noting any objection to a Report and Recommendation must be specific).  The Court will not construct potential arguments for Plaintiff as to why her excluded evidence is admissible, only to answer them itself.  Because she has failed to address specifically the objections that she has with the Report's evidentiary rulings,

11

the Court will not revisit each individual decision in the Report concerning the admissibility of Plaintiff's evidence.  Magistrate Judge Snow's evidentiary rulings will stand undisturbed.

Fourth, Plaintiff urges the Court to consider evidence that was not contained in the record at the time this matter was referred to Magistrate Judge Snow.  Plaintiff was on notice as to the deficiencies of her Response.  See DE 98 (Defendant's Reply brief raising all of the issues Judge Snow addressed).  The time for moving to file a sur-reply and resuscitating her Responses' deficiencies has long since passed.  The Court will not permit a motion for summary judgment or even the new evidence Plaintiff claims at this point in the proceedings.  Magistrate Judge Snow spent a considerable amount of time and effort on this case, and it would defeat the purpose of referring motions to simply re-open the matter for further evidence when none is needed.  See Patterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988).  Further, Plaintiff fails to establish how any of the evidence would help her case.

Fifth, Plaintiff argues that Magistrate Judge Snow did not give credence to her argument that similarly situated employees who were not pregnant were treated better than the Plaintiff. Plaintiff specifically objected to Magistrate Judge Snow's finding that she failed to show similarly situated employees who committed acts of dishonesty and were terminated.  Plaintiff points to

several other managers including Mr. Polselli who violated the company's petty cash policy and were not terminated.  Magistrate Judge Snow correctly rejected this argument and her analysis centered on the governing law and the precise act that Plaintiff was terminated for: dishonesty.  Magistrate Judge Snow found that the comparators that Plaintiff offered were not similarly situated, and therefore she failed to establish a prima facie case of discrimination.  The Court will, however, briefly address this argument.

It is Plaintiff's burden to offer employees who are similarly situated.  These employees must be "involved in or accused of the same or similar conduct and [be] disciplined in different ways." Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997) (citation omitted).  The Eleventh Circuit requires a very high degree of similarity for a co-worker to be considered a similarly situated individual.  Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999)("[T]he quantity and quality of the comparator's misconduct [must] be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges."); see also Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1091 (11th Cir. 2004).  This high standard of similarity prevents the Court from sitting as an Article III personnel department, reviewing the varying discipline of a defendant's employees. Brown, supra at 1368.

Plaintiff failed to show a single employee who was accused of dishonesty and was retained by the Defendant. Plaintiff established that many employees have violated Defendant's petty-cash policy; however, a violation of the petty-cash policy does not automatically mean that the person was purposefully acting to deceive Defendant. In other words, it is not per se dishonesty to violate a company policy. But it is dishonest for a person who, once her infraction is discovered, attempts to cover it up and further lies about both the incident and the coverup. To this end, Plaintiff has failed to show a single employee, not in the protected class, who engaged in actions as duplicitous as hers and was retained. This burden was hers, and she failed to meet it. Therefore, the Court will overrule her objection and uphold the findings of Magistrate Judge Snow's Report concerning Plaintiff's termination claim.

Sixth, Plaintiff argues that the Report misstates the law concerning the Family Medical Leave Act. The Court has carefully reviewed the Report and finds that Magistrate Judge has stated and applied the law correctly. For the benefit of the Parties and any reviewing court, the Court will briefly touch upon the additional reasons why Plaintiff has failed to state a claim under the FMLA.

Plaintiff claims that Defendant interfered with her FMLA leave in three ways: it interfered with her doctor's appointments, it interfered with her leave by terminating her, and it also

14

retaliated against Plaintiff when it terminated her. The record establishes that Plaintiff never requested FMLA leave, nor was she precluded from attending doctor's appointments. Further, Plaintiff's evidence establishes that she was permitted to use sick time for her appointments. <u>See</u> DE 82, ¶ 40. Defendant's requirement that she use her sick time accords with the FMLA, which allows employers to require employees to use paid time off in lieu of un-paid FMLA leave. 29 C.F.R. § 825.207 (noting "the employer may require the employee to substitute accrued paid leave for unpaid FMLA leave"). Plaintiff's claim that her termination interfered with her FMLA leave is factually true: she was not able to use her leave. But that was not Defendant's fault. Plaintiff never requested FMLA leave, and the evidence is clear that Defendant terminated her on the basis of her dishonesty, not because it anticipated her using her FMLA time. Therefore, the Court overrules Plaintiff's objections to Magistrate Judge Snow's Report concerning her FMLA claims.

B. <u>Defendant's Objections</u>

Defendant also has its own objections to the Report, centering on the analysis of Counts I, III, and V, which allege that Plaintiff was discriminated on the basis of her gender and pregnancy when she was not promoted. Its principal contention is that Magistrate Judge Snow failed to properly engage in the <u>McDonnell-Douglas</u> analysis and thereby improperly denied its motion

for summary judgment as to Plaintiff's failure-to-promote claims. The Court agrees.  While Magistrate Judge Snow stated the correct standard of review, she failed to engage in the proper analysis to determine whether Plaintiff had made a prima facie case of gender discrimination and discrimination on the basis of pregnancy.  In the Report, Magistrate Judge Snow found that "stray comments" established that a question of fact remained for the jury to determine whether Defendant's stated reasons are pretext. DE 140, p. 15.  The problem is the Report is silent as to which "stray comments" supported such a finding, and Magistrate Judge Snow does not reconcile this finding with her previous finding concerning Plaintiff's lack of evidence.  See DE 140, p. 5 n.1; id. pp. 12-13. Further, and most importantly, Magistrate Judge Snow did not address whether Plaintiff had established a prima facie case for her failure-to-promote claim.

Therefore, the Court will address the merits of Defendant's Motion For Summary Judgment as they pertain to Counts I, III, and V of Plaintiff's Amended Complaint.  In those counts she claims that Defendant discriminated against her on the basis of her gender and pregnancy by denying her the promotion previously promised and by altering the terms and conditions of her employment.  Magistrate Judge Snow did not address whether the terms and conditions of Plaintiff's employment, other than the promotion, were altered by Defendant.  Plaintiff has not objected to this point and the Court

16

will address the waiver of this argument below.

To establish a claim for failure to promote based on gender, Plaintiff must establish that (1) she is a member of a protected class; (2) that she is qualified for the promotion; (3) that she was rejected; and (4) the position was filed by someone outside the protected class.  Springer v. Convergys Cust. Mgmt. Group, Inc., 509 F.3d 1344, 1348 n.2 (11th Cir. 2007).  Defendant maintains that Plaintiff cannot establish the second element listed above; the others are not at issue.

Making a prima facie case at this point is not a heavy burden, but it is one that Plaintiff must meet and in her Response has failed to meet.  There is no evidence that Plaintiff was qualified to be a store manager.  She was previously employed as an assistant store manager, and she was competent enough to be given the position of acting store manager.  But nothing in the record establishes that Plaintiff was qualified to lead a store.  Cf. Garrison v. Gambro, Inc., 428 F.3d 933, 938 (10th Cir. 2005) (noting a company's ability to evaluate its own employees in determining whether to promote them).  Her entire argument from the record is contained in footnote 2 of her Response (DE 83).  There she argues, without specifics, that she was doing a good job as an assistant store manager and was promised a promotion.  While she did receive a rating of "solid" in her review, that does not mean that she was otherwise qualified to be a store manager.  And her

17

evaluation has to be taken with the fact that she had serious issues relating to staff and customers that both hampered her evaluation and raised some serious red flags with her supervisor. In this vein, Defendant has supplied numerous pieces of evidence establishing that Plaintiff was not qualified for the position of store manager and it was entitled to give her a period of evaluation before deciding on giving her a full promotion. See DE 40, ¶¶ 53-57.

There is another interesting twist in this case: Plaintiff did receive a promotion to the position of acting store manager, but it was not the position she felt she was entitled to. Despite some concerns in Plaintiff's evaluation, she was promoted to the position of acting store manager. This was a promotion: she ran a store. Her title was qualified, but she was the ultimate decision maker in that store at the time. In that position and at that time when Defendant was evaluating her, Plaintiff failed to meet the expectations placed on her to become a full-fledged manager. DE 40, ¶¶ 14-33. She was complained about by co-workers, she violated numerous instances of corporate policy, and ultimately she was terminated for dishonesty, all of which validated Defendant's concerns about her ability to lead a store. Id. ¶¶ 53-57. Nothing compels Defendant to promote Plaintiff to the position of manager without placing some prudent safeguards on its selection: such safeguards can and did include a time of evaluation. Even not

withstanding that, there is no evidence to support and for the Court to find that Plaintiff was discriminated against because Defendant exercised caution before giving an employee with negative indications the position of manager.  To do so would be to sit as a super personnel department, something the law does not provide for, and that this court will not do.  See Elrod v. Sears, Roebuck and Co., 939 F.2d 1466, 1470 (11th Cir. 1991).  Therefore, Plaintiff has failed to establish that she was qualified for the position of manager, and she has failed to make a prima facie case concerning her lack of a promotion claim in Counts I, III, and V of the Amended Complaint.

A reviewing court may disagree with this Court's analysis on Plaintiff's prima facie case; therefore, the Court will also address the issue of pretext.  Defendant has offered numerous reasons as neutral, non-discriminatory reasons for not promoting Plaintiff to the position of store manager.  See 40, ¶¶ 24-31; 55. Most of them center on the District Manager Polselli's belief that Plaintiff was not yet ready to be a store manager, and she had, in fact, been given a promotion to acting store manager in an effort to determine how well she would perform.  Id. The Court finds that these satisfy as neutral non-discriminatory reasons.

Under the McDonnell-Douglas framework, Plaintiff must come forward with evidence that demonstrates Defendant's reasons were pretext by revealing "such weaknesses, implausibilities,

19

inconsistencies, incoherencies or contradictions in [Defendant's] proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." <u>Springer</u>, 509 F.3d at 1348-49 (quoting <u>Cooper v. Southern Co.</u>, 390 F.3d 695, 725 (11th Cir.2004) (quoting <u>Combs v. Plantation Patterns</u>, 106 F.3d 1519, 1538 (11th Cir.1997)).   To establish that a reason is pretext for illicit discrimination the stated reason must be both false and the Plaintiff must establish "that discrimination was the real reason." <u>Brooks v. County Comm'n of Jefferson County</u>, 446 F.3d 1160, 1163 (11th Cir. 2006) (quoting <u>St. Mary's Honor Ctr. v. Hicks</u>, 509 U.S. 502, 515 (1993)).   Here, when the discrimination concerns "a promotion, a plaintiff cannot prove pretext by simply arguing or even by showing that [s]he was better qualified than the [person] who received the position [s]he coveted.  A plaintiff must show not merely that the defendant's employment decisions were mistaken but that they were in fact motivated by [gender]." <u>Springer</u>, 509 F.3d at 1349 (quotation omitted).   Plaintiff must show that the disparities between her qualifications and those of the successful applicant were "of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff." <u>Id.</u> (quoting <u>Cooper</u>, 390 F.3d at 732 (citation omitted)).

Plaintiff has failed to put forth evidence concerning the existence of other equally or less qualified employees who were not

members of the protected class and were promoted in her place.
Wallace v. Teledyne Continental Motors, 138 Fed. Appx. 139 (11th
Cir. 2005).  Plaintiff addresses the similarly situated employees
concerning her ultimate termination, but not concerning her failure
to be promoted.  See DE 83, pp. 8-11.  The only evidence submitted
on this point is from the Defendant, which establishes that only
two male employees were promoted to store manager at the relevant
time period.  The one promoted at the store that Plaintiff served
as acting store manager was a male, but he was also a manager for
21 years with Defendant.  The other person promoted to the position
of manager, also a male, had only positive reviews.  DE 40, ¶¶ 56-
57.  Thus, the employees promoted over Plaintiff were not equally
or less qualified than her.  At this stage, it is Plaintiff's
burden to establish that others as or less qualified than herself
were promoted in her place; she has failed in that regard.  Austin
v. Progressive RSC, Inc., 265 Fed. Appx. 836, 845-46 (11th Cir.
2008).  Therefore, summary judgment in favor of the Defendant is
proper.

In the Report, Magistrate Judge Snow found that Plaintiff
could establish pretext: she stated that "stray comments, which the
defendant does not deny, but ascribes to concern for the plaintiff
rather than animus, [constitute] a matter for the jury to decide."
DE 140, p. 15.  It is unclear what "stray comments" Magistrate
Judge Snow found that establish pretext.  Three pages earlier in

the Report, Magistrate Judge Snow found that "[w]ith regard to her claim of failure to promote, only two of the facts proffered in the plaintiff's memorandum of law are supported by citation to evidence in the record: that District Manager Polselli sat in on her evaluation and that managers received a four-week training program." DE 140, pp. 12-13.

The only time any mention is made of comments in the Report is footnote five. Id. p. 13 n.5. There, Magistrate Judge Snow states that "[t]he other facts offered as direct evidence rely on page 112 of the transcript of the plaintiff's deposition, which was not filed by the defendant [sic]. In its reply, the defendant provides page 112 of the deposition." DE 13, n. 5. Earlier in the Report, Magistrate Judge Snow ruled that she would not consider the facts contained on page 112 of Plaintiff's deposition, because they were not submitted with her Response in violation of Rule 56 and Local Rule 7.5(c). DE 140, p. 5, n.1. Thus, the comments on page 112 are not to be considered in ruling on the instant Motion (DE 39). But they are the only place in the Report that the Court could find any allusion to what could be considered "stray comments" for Plaintiff to establish pretext. Therefore, holding fast to the Report's evidentiary rulings, Plaintiff cannot establish pretext through the comments on page 112 of her deposition, and because there is no other evidence suggesting pretext, summary judgment is appropriate.

22

A reviewing court may find that Magistrate Judge Snow's recommendation that Plaintiff not be allowed to rely on an unfiled deposition in violation of the Federal and Local Rules is in error; therefore, the Court will analyze the issue of pretext assuming, arguendo, that the deposition on page 112 is properly before the Court.

The statement contained on page 112 is this:

        and told him it was a 65 mile drive one way for me.  I
        was then roughly about five and a half months pregnant
        and that I was not interested in making that drive and
        not getting paid to be the store manager if I was not
        going to be given the opportunity to be considered for
        that store as the store manager at the end of the time
        period.
            District Manager Polselli then got angry at me and
        wanted to know if I realized I was pregnant.  Of course
        I realized I was pregnant.  Any woman who is five and a
        half months pregnant realizes she was pregnant.  This
        told me that my pregnancy was the factor for him not
        promoting me and confirmed my earlier suspicions that I
        was being discriminated against, withheld promotion
        because I was pregnant.
            I assured District Manager Polselli that I was
        capable of running the store; that if I met all the
        objectives, operational objectives, the sales and the
        customer service, that I expect to be promoted to the
        store manager position.
            He then told me that he was going to throw me to the
        wolves, which is what he referred to the associates in
        that store as, and that he was going to provide me no
        assistance or training like he did the other store
        managers and that at the end of a

DE 98, Ex. 1.  That is the entire page that is supposed to establish pretext for Defendant's decision not to promote Plaintiff to manager.  With due respect for the Report's findings, this is not enough to establish a question of fact for the jury to

determine.  Brooks v. County Comm'n of Jefferson County, Ala., 446 F.3d 1160, 1163 (11th Cir. 2006) (noting that a plaintiff must "produce sufficient evidence to allow a reasonable finder of fact to conclude that the [defendant's] articulated reasons were not believable").  Page 112 is not probative evidence.  Clark v. Coats & Clark, Inc., 990 F.2d 1217, 1228 (11th Cir. 1993) ("[T]o avoid summary judgment [the plaintiff] must introduce significantly probative evidence showing that the asserted reason is merely a pretext for discrimination.") (citation omitted).  It is incomplete, there is no context, and all it establishes is that Plaintiff believed that whatever is contained on the previous pages of her deposition confirmed her suspicions that she was being discriminated against.  DE 98, Ex. 1 ("This told me that my pregnancy was the factor for him not promoting me and confirmed my earlier suspicions that I was being discriminated against, withheld promotion because I was pregnant.").  There is nothing in that page that constitutes a nefarious stray comment that would suggest some animus towards Plaintiff.  Nor does it establish that she was better qualified than the person that was ultimately chosen.  Brooks, 446 F.3d at 1164; see also Cooper, 390 F.3d at 732.  The statement concerning the wolves and training have to be taken in context with the rest of that paragraph.

Even if the Court were to consider the immediately surrounding pages of Plaintiff's deposition, also supplied by the Defendant,

24

which are not referenced in the Report, there is nothing that would rise to the level of establishing a jury question on the issue of pretext.  The surrounding pages, DE 41-2, pp. 38-39, beginning on page 111 of the Deposition, establish that  Plaintiff was offered the acting store manager position in West Palm, because "they really needed someone driven and, in [Polselli's] words, they were a ship that needed direction and I could provide that direction." DE 41-2, p. 38.  Plaintiff then states "I was up for the challenge and I was very excited about the challenge, because I believed that I was going to be promoted after taking over the store as an acting store manager.  I would then be promoted to the store manager position, if I met sales, operational and customer relation goals." Id. (emphasis added).

On the same page, Plaintiff goes on to describe a phone call from her then-store manager, Nydia Latona.  "[Latona] informed me that District Manager Polselli told her that he had no intention of promoting me and that I was coming back to her store, which was very shocking to me, because that was not the conversation that I had with District Manager Polselli."  Id.  This comment by Nydia Latona cannot be considered a "stray comment" because there is nothing more to support it, nothing to give it some weight for establishing pretext.  In fact, as the deposition goes on, Plaintiff then recounts the portion quoted above from page 112 of the excluded deposition.  This whole area of the deposition is

25

concluded with the statement that

> [Polselli] then told me that he was going to throw me to
> the wolves, which is what he referred to the associates
> in that store as, and that he was going to provide me no
> assistance or training like he did the other store
> managers and that at the end of a month he was going to
> come into the store and evaluate me on whether the
> associates like me.  He was going to have them grade me
> an A through F, and if I had anything other than an F,
> then I would be promoted.

DE 41-2, p. 39.  Nothing in the statements of Latona or Poleslli
suggests an animus or "that the defendant's employment decisions
were . . . in fact motivated by [gender or Plaintiff's pregnancy]."
Springer, 509 F.3d at 1349 (quotation omitted).  The statement by
Latona was neutral, it stated that Latona and possibly Polselli
believed that Plaintiff would fail, but it does not suggest that
Plaintiff was not later promoted because she was a woman or
pregnant.  Additionally, Polselli's comments concerning the wolves
and training has to be read with the entire section.  DE 41-2, pp.
38-39; DE 98, Ex. 1. The three pages, taken as a whole, establish
that Polselli was promoting Plaintiff to acting manager, and if she
excelled, then she would be promoted from acting manager to full
manager.  DE 41-2, p. 38 ("I would then be promoted to the store
manager position, if I met sales, operational and customer relation
goals.)(emphasis added); id p. 39 (He was going to have them grade
me an A through F, and if I had anything other than an F, then I
would be promoted)(emphasis added).  This does not establish
pretext; it establishes sound business judgment on the part of

26

Defendant: it chose to test the Plaintiff before fully promoting her. The law does not require it to do anything different. These "stray comments" do not establish animus towards the Plaintiff; they do not impugn Defendant's stated reasons for failing to promote her; and they do not establish that Plaintiff was better qualified for the job than the candidate that was ultimately chosen.

Not only do these so-called "stray comments" fail to establish or suggest pretext, the Plaintiff has not taken on all of the Defendant's stated reasons for not promoting her and established that they are pretext. These reasons include the fact that Plaintiff was not finally promoted because she was fired, and the basis for this firing was her dishonesty. DE 39, pp. 7-10. Therefore, if a reviewing court were to later determine that the lone "stray comment" by Latona constitutes pretext, Plaintiff has failed to take head on all of the Defendant's reasons. <u>Crawford v. City of Fairburn, Ga.</u>, 482 F.3d 1305, 1308 (11th Cir. 2007) ("If the employer proffers more than one legitimate, nondiscriminatory reason, the plaintiff must rebut each of the reasons to survive a motion for summary judgment.") (citing <u>Chapman v. AI Transp.</u>, 229 F.3d 1012, 1037 (11th Cir. 2000)(en banc)). Because Plaintiff has failed to establish a prima facie case of failure to promote on the basis of gender and pregnancy, and has failed to establish that the Defendant's legitimate non-discriminatory reasons are pretext, no

genuine issue of material fact remains for a jury to consider. Therefore, summary judgment will be entered in favor of the Defendant.

The second objection Defendant lodges against the Report is that Magistrate Judge Snow misapplied the law concerning Count V of Plaintiff's Amended Complaint.  Plaintiff claims that Defendant violated the Florida Civil Rights Act by "not promoting Plaintiff and otherwise treating her differently from similarly situated employees, because of her gender and/or pregnancy."  DE 24, ¶ 85. Magistrate Judge Snow found that the Florida Civil Rights Act covers pregnancy discrimination, and Defendant argues that it does not.  The Court does not have to reach the issue of whether the FCRA protects claims for pregnancy discrimination.  The FCRA is patterned on Title VII and the same analysis is used for both. Jones v. United Space Alliance, L.L.C., 494 F.3d 1306, 1310 (11th Cir. 2007).  Therefore, the Court's analysis that Plaintiff has failed to establish both a prima facie case for failure to promote and that Defendant's legitimate, non-discriminatory reasons are pretext govern her claim under the FCRA.  Thus, summary judgment is appropriate for Count V.

C.

Buried in Plaintiff's Amended Complaint are claims that the terms and conditions of her employment were altered on the basis of her gender and pregnancy in violation of Title VII, the Pregnancy

Discrimination Act, and FCRA.  In the Report, Magistrate Judge Snow does not address whether the terms and conditions of Plaintiff's employment were altered other than to discuss her claim that she was not promoted.  Plaintiff did not object to the Report on this basis and therefore the issue is deemed waived.  See 12 Wright & Miller, supra § 3070.1.

If it were later determined that this issue is not waived, summary judgment would be appropriate because Plaintiff has not shown that the terms and conditions of her employment were changed on the basis of her gender or pregnancy under either Title VII or the FCRA.  To sustain a claim for gender or pregnancy discrimination in the terms and conditions of employment, a Plaintiff's alleged harm must "meet a threshold level of substantiality." Davis, 245 F.3d at 1238-39.  That is, "to prove adverse employment action in a case under [Title VII's] anti-discrimination clause, [Plaintiff] must show a serious and material change in the terms, conditions, or privileges of employment." Id. at 1239.  This standard encompasses "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 760-61 (1998); see also Grimsley v. Marshalls of MA, Inc., 284 Fed. Appx. 604, 608-09 (11th

29

Cir. 2008).[2]

Other than Plaintiff's termination and the fact that she was not promoted to manager, there is nothing in Plaintiff's pleadings that could rise to the level of an adverse employment action.  All the other actions complained of, including Polselli telling her that she will be held to a higher standard, even if unwelcome, does not sufficiently alter the terms, conditions, and privileges of her employment to constitute an adverse employment action.  Grimesley, 284 Fed. Appx. at 608-09; Davis, 245 F.3d at 1238-39.  Nitpicking about every claimed wrong does not rise to the level of stating a claim under the employment laws.  See Oncale v. Sundowner Offshore Serv., Inc., 523 U.S. 75, 81 (1998) (noting that Title VII is not a general civility code).  Therefore, the Court finds that Plaintiff has failed to establish that she suffered an adverse employment action to make a prima facie case of gender or pregnancy discrimination in the terms and conditions of her employment.

---

[2] The Supreme Court, in Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. ___, 126 S. Ct. 2405, 2409 (2006), lowered the bar for adverse employment actions necessary to sustain a claim for retaliation and did not adjudicate a discrimination claim.  Thus, the rule announced therein has no application to claims for discrimination.  Id. (defining the anti-retaliation provision of Title VII to prohibit "employer actions [that are] harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination"); DaCosta v. Birmingham Water Works & Sewer Bd., 256 Fed. Appx. 283, 288 n.6 (11th Cir. 2007) ("We further note that the broader view of adverse employment actions taken by the Supreme Court in [White] appears limited to retaliation cases and does not alter this court's precedent in discrimination actions.").

IV. <u>Conclusion</u>

Based on the foregoing analysis, the Court overrules Plaintiff's objections to Magistrate Judge Snow's Report and Recommendation and adopt the same to the extent it recommend granting Defendant's Motion For Summary Judgment (DE 39) as to Counts I, IV, VI, and VII.  The Court sustains Defendant's objections and finds that Plaintiff has failed, as a matter of law, to make out a prima facie case for discrimination in her claims of failure to promote on the basis of gender or pregnancy.  However, if a reviewing court should find that she has proven a prima facie case, the Court finds, in the alternative, that Plaintiff has failed to show that Defendant's legitimate, non-discriminatory reasons for failing to promote her are pretext.  Additionally, Plaintiff has waived any argument concerning Defendant's treatment of her that does not concern either her promotion or termination.  Therefore, Defendant is entitled to judgment as a matter of law on Plaintiff's claims for discrimination under the Title VII, the PDA, and FCRA.  <u>See</u> <u>Holifield</u>, 115 F.3d at 1567 (noting that since the plaintiff "has not come forward with any evidence to show that [defendant's] reason is pretextual, summary judgment is warranted") (citations omitted).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Objections to Magistrate Judge Snow's Report

31

and Recommendation be and the same are hereby **OVERRULED**;

2.  Defendant's Objections to Magistrate Judge Snow's Report and Recommendation be and the same are hereby **SUSTAINED**;

3. The Report And Recommendation of United States Magistrate Judge Lurana S. Snow (DE 140) be and the same is approved, adopted, and ratified to the extent it recommends granting Defendant's Motion For Summary Judgment;

4. In all other respects the Court **DECLINES** to adopt the Report And Recommendation of United States Magistrate Judge Lurana S. Snow (DE 140);

5. Defendant's Motion For Summary Judgment (DE 39) be and the same is hereby **GRANTED**, consistent with this Order;

6. Final Judgment shall be entered by separate order; and

7. Plaintiff's Motion For Summary Judgment (DE 142) be and the same is hereby **DENIED** as untimely.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ____13th____ day of April, 2009.

_William J. Z_
WILLIAM J. ZLOCH
United States District Judge


Copies furnished:

All Counsel of Record

32