UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-80334-CIV-ZLOCH

RENEE BETTIS,

      Plaintiff,

vs.                                            **AMENDED ORDER**

TOYS "R" US,

      Defendant.
_____/

THIS MATTER is before the Court upon Defendant Toys "R" Us' Motion For Attorney's Fees And Costs (DE 52) and Defendant Toys "R" Us' Motion For Attorney's Fees And Costs (DE 74). The Court has carefully reviewed said Motions and the entire court file and is otherwise fully advised in the premises.[1]

I. Background

In its prior Orders (DE Nos. 26, 34 & 36), the Court granted various Motions To Compel (DE Nos. 16, 29 & 32) filed by Defendant. Pursuant to Rule 37, the Court ordered Plaintiff to show good cause whether her failure to comply with the Rules governing discovery and the Court's prior Orders was substantially justified. Plaintiff failed to show that her failure was substantially justified, so the Court ordered Defendant to file Affidavits and Exhibits that establish the fees and costs incurred in preparation

---

[1] In a separate Motion (DE 157), Plaintiff moved for reconsideration of the Court's Order granting sanctions. See DE 155. Her argument was that the Court did not cite to Rule 37 as a basis for granting sanctions. The Court granted reconsideration and enters this Order specifying that sanctions are imposed under Rule 37(a)(5) as well as Rule 37 (b)(2)(C) and Rule 30(d).

and execution of its various Motions To Compel.[2] After the issue of attorney's fees was fully briefed, but before the Court could award Defendant its fees, the Court dismissed the action for Plaintiff's willful failure to abide by the Court's scheduling Order and cooperate in the formation and filing of a Pretrial Stipulation. Plaintiff then appealed the Court's Order, and the Eleventh Circuit vacated the Court's Final Order of Dismissal and remanded the case for this Court to consider lesser sanctions.

While the action was on appeal, the Court was without jurisdiction to award Defendant its fees. But now that the case is again before the Court it will address the Motions that were pending at the time of the Court's Final Order of Dismissal (DE 122). This includes a ruling upon Defendant's Motion For Summary Judgment, which is entered separately.

## II. <u>Sanctions</u>

Plaintiff and her attorney's behavior throughout this action has frustrated the discovery process and caused the Parties to engage in substantial motion practice. Defendant's first Motion To Compel (DE 16) concerned Plaintiff's inadequate Responses to Defendant's Interrogatories. Many of Plaintiff's Responses satisfied the standard set forth in Rule 33; however, Plaintiff's Responses to Interrogatories III & V were deficient. Thereafter,

---

[2]Although DE 29 was styled as a Motion For Sanctions, it was for all intents and purposes a motion to compel Plaintiff's compliance with the Court's Order (DE 26).

the Court ordered Plaintiff to file Responses that complied with the Federal Rules.[3]  Despite a Court Order directing Plaintiff to comply with Defendant's Interrogatories, Plaintiff refused. Instead she submitted a so-called "Better Answers To Interrogatories" for Interrogatory 5 and did not turn over the Response requested in Interrogatory 3.  Defendant responded by filing a Motion For Sanctions, which the Court granted.  At the time this action was dismissed, Defendant again represented that Plaintiff still had not complied with the Court's orders to give a satisfactory Responses to Interrogatory No. 3.  DE 115, pp. 3-4.

As the case progressed, the Parties suffered a second breakdown in the discovery process at Plaintiff's deposition when she refused to answer one of Defense Counsel's questions. Plaintiff's Counsel stopped the deposition and attempted to telephonically appeal to the Court to intervene. See DE 32, Ex. A. Defense Counsel, meanwhile, offered to reserve the troubling question and proceed with the deposition. But Plaintiff's Counsel refused, and he prematurely terminated the deposition.  As expected, Defendant filed a Motion To Compel the remaining deposition.  Upon review of the transcript, the Court found that there was no justification for either Plaintiff's refusal to answer

---

[3]The Court has previously addressed the merits of each of Defendant's Motions To Compel.  See DE Nos. 26, 34, 36. Additionally, at this time it still appears that Plaintiff has failed to abide by the Court's Orders.

Defense Counsel's question or her attorney's termination of the deposition. The Court ordered the deposition to be immediately resumed and directed Defendant to file the appropriate motion for attorney's fees. After review of the deposition transcript, the Court finds that sanctions are appropriate under Rule 37.

### III. Attorney's Fees

Defendant has the right to an award of attorney's fees incurred in the preparation and execution of its motions to compel and for the fees and costs incurred because of Plaintiff and her attorney's premature termination of the deposition. Fed. R. Civ. P. 37. The Court has a corollary duty to make sure that such an award is reasonable. See Hensley v. Eckhart, 461 U.S. 424, 433-34 (1983) (noting that reasonableness is the bedrock upon which the determination of the amount of attorney's fees rests).

The determination of exactly what fees to assess is vested in the sound discretion of the Court. Further,

> it generally is recognized that the federal courts should exercise care and restraint when awarding attorney's fees. Undue generosity might encourage some members of the bar to seek out clients and encourage litigation over disputes that otherwise might not reach the courts. Were this to become a widespread practice both the American system of civil litigation and the legal profession might fall into public disrepute.

10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2675.1 (1998 & West Supp. 2007).

To calculate a reasonable fee, the Court must utilize the "lodestar" method. See Norman v. Housing Auth. of City of

4

Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). In computing the lodestar, the first step is to determine the reasonable hourly rate. A "reasonable hourly rate" has been defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (quoting Norman, 836 F.2d at 1299). The Court is deemed an expert on the issue of hourly rates in this community and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Loranger, 10 F.3d at 781 (quoting Norman, 836 F.2d at 1303). Here, based on the submissions of Defendant and the Court's own expertise, the Court is satisfied that a reasonable lodestar for Defendant's attorneys is as follows: Mr. Pedro J. Torres Diaz, Esq. $232.00 per hour, Ms. Christine Wilson, Esq. $272.00 per hour, Ms. Jennifer Poole, Esq. $180.00 per hour, and Mr. Frank Alonso is $75.00 per hour.

Once the lodestar is set, the Court must determine the reasonable number of hours expended preparing and executing the various motions to compel, including Plaintiff Counsel's premature termination of his client's deposition. This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill,

reputation or experience of counsel." <u>ACLU of Ga v. Barnes</u>, 168 F.3d 423, 428 (11th Cir. 1999) (quoting <u>Norman</u>, 836 F.2d at 1301) (emphasis omitted). The applicant must show that the time for which compensation is sought was reasonably expended on the litigation. <u>See</u> <u>id.</u> at 428. The fee applicant must provide the Court with specific and detailed evidence that will allow the Court to accurately determine the amount of fees to be awarded. <u>Id.</u> At the same time, the party opposing the fee application must satisfy its obligation to provide specific and reasonably precise objections concerning hours that should be excluded. <u>Id.</u> If the party moving for fees fails to exercise the requisite billing judgment, the Court is obligated to do so by reducing the amount of hours and "pruning out those that are excessive, redundant or otherwise unnecessary." <u>Id.</u> The Court must exercise this discretion even when the opposing party does not contest the moving party's allegations.

After a careful review of Defendant's Exhibits and Affidavits and the argument of Plaintiff in her Response (DE 77) as to the fees incurred in Docket entries 16 and 29, the Court is persuaded that Defendant's fee requests are reasonable in many but not all regards. The Court finds that 3.6 billable hours is reasonable for preparing and executing a motion to compel. In addition, the Reply filed by Defendant is also reasonable at 2.0 billable hours. Further, the Motion For Sanctions (DE 29) is reasonable at 2.0

billable hours. Therefore, the hours billed by Defendant's attorneys are reasonable and Defendant shall receive fees for 6 billable hours spent by Mr. Pedro J. Torres Diaz, Esq. at a lodestar of $232.00, 1.1 hours spent by Ms. Christine Wilson, Esq. at a lodestar of $272.00, and .5 hours spent by Mr. Frank Alonso at a lodestar of $75.00. This comes to a total award of $1,728.70 for the fees incurred by Defendant in compelling Plaintiff's Responses to Interrogatories 3 and 5.

The attorney's fees request pertaining to Defendant's Motion To Compel Deposition (DE 32) are not excessive. Rather, 25.5 billable hours is unreasonable, even given the motion's thoroughness and draftsmanship. Further, pursuant to Rule 30(d)(2) the Court will award Defendant the time and costs associated with the aborted deposition, for a total award of 30.3 billable hours. Thus, Defendant shall receive fees for 1.0 billable hour spent by Ms. Christine Wilson, Esq. at a lodestar of $272.00, 4.1 billable hours spent by Mr. Pedro J. Torres Diaz, Esq. at a lodestar of $232.00, and 10.2 billable hours by Ms. Jennifer Poole, Esq. at a lodestar of $180 per hour. This comes to a total award of $3,059.20 for the fees incurred by Defendant because of Plaintiff Counsel's unjustified termination of his client's deposition. In addition, Defendant shall recover costs in the amount of $1,183.20 for the court reporter costs and the Transcript (DE 32, Ex. A) prepared for Defendant's Motion (DE 32) and as established by DE

74, Ex. 3.

## IV. Conclusion

As noted above, the breakdown in discovery was not solely Plaintiff's fault. It was her attorney's failure to properly respond to Interrogatory 3 in violation of both the Rule 33 and the Court's prior Orders that caused Defendant to file the Motions To Compel (DE Nos. 16 & 29). Therefore, pursuant to Federal Rule of Civil Procedure 37(a)(5), (b)(2)(C) attorney's fees will be levied against attorney Loring Spolter, Esq., and Plaintiff Renee Bettis jointly and severally in the amount of $1,728.70. Further, the Transcript (DE 32, Ex. E) clearly reflects that Plaintiff refused to answer Defense Counsel's questions and was combative during the deposition. But her attorney exacerbated whatever problems there were at the deposition, by personally attacking Defense counsel with childish names, by refusing to move along when the problematic area was broached, and by ultimately terminating the deposition. See Plaintiff's Depo. pp. 104-08, 117-23. Because it was at Counsel's direction that her deposition was prematurely and ill-advisedly terminated, pursuant to Rule 30(d)(2), the Court shall levy the attorney's fees and costs against both Plaintiff Renee Bettis and her attorney, Loring Spolter, Esq., jointly and severally in the amount of $4,242.40.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. That Defendant Toys "R" Us' Motion For Attorney's Fees And

8

Costs (DE 52) and Defendant Toys "R" Us' Motion For Attorney's Fees And Costs (DE 74) be and the same are hereby **GRANTED**; and

2. Defendant Toys "R" Us does have recover from Plaintiff's Counsel Loring Spolter, Esq., and Plaintiff Renee Bettis jointly and severally the sum of $5,971.10, for all of which let execution issue.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___7th___ day of August, 2009.

*/s/ William J. Zloch*
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record